UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 23-06650-DOC (DFM) | Date: | October 3, 2023 |
|---|---|---|---|
| Title | Kuantay Williams v. Heather Shirley et al. | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

Petitioner Kuantay Williams, a state prisoner, filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the Southern District of California. See Dkt. 1 ("Petition"). On August 10, 2023, the Honorable Linda Lopez, U.S. District Judge, issued an order transferring this case to the U.S. District Court for the Central District of California. See Dkt. 3. Because Petitioner challenges a judgment of conviction entered in the Superior Court of California for Los Angeles County, this Court has jurisdiction over this action. See Dkt. 3 at 2-3; 28 U.S.C. § 84(c)(2); see also Petition at 1-2. Moreover, as explained in the order transferring this action, although the Petition is stylized as a petition filed under 28 U.S.C. § 2241, the Petition is properly construed as a petition filed under § 2254 because Petitioner is a state prisoner challenging his state court conviction. See Petition at 2; see also Dkt. 3 at 1-2. Accordingly, this Court construes the Petition as having been filed under § 2254.

Petitioner challenges the validity of his state-court conviction, reportedly entered on May 5, 2023, on four grounds.[1] See Petition at 2-7. Specifically, Petitioner claims that (1) his trial counsel was ineffective because he refused to file "proper motions' on Petitioner's behalf, failed to appeal the conviction, and failed to "attack[]" a "demurrer to argue strike allegations" prepared by Petitioner's prior counsel; (2) Petitioner's ineffective assistance of counsel violated his due process rights; (3) the trial court violated his due process rights by refusing to hear certain motions that

---

[1] The Petition does not identify what the basis of Petitioner's conviction was. Based on review of publicly available state court records, Petitioner appears to be serving a sentence based on his convictions for burglary (Cal. Penal Code § 459), assault (Cal. Penal Code § 240), and criminal threat (Cal. Penal Code § 422(a)). See Superior Court of California, County of Los Angeles, Criminal Case Summary, https://www.lacourt.org/criminalcasesummary/ui/Selection.aspx (search by case number "LA096536") (last accessed September 29, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Petitioner filed and failing to produce a grand jury indictment; and (4) the Court failed to ensure that Petitioner was given access to the law library and "awarded the legal amenities and accommodations . . . to properly prepare for a fair proceeding" while he was in custody. See id. at 4-7.

Petitioner's conviction was not appealed. See id. at 2-3. Petitioner also states that he does not have any petition or appeal pending in any court (apart from the instant action). See id. at 8. From a review of publicly available state court records, the Court has not identified records of any appeal or habeas petition filed in state court. Thus, it appears that none of the grounds Petitioner asserts in the Petition have been raised before the California Supreme Court.

This is a problem. Under 28 U.S.C. § 2254(b), federal habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court. Exhaustion requires that the petitioner's contentions be fairly presented to the state courts, see Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), and disposed of on the merits by the highest court of the state, see Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). A claim has not been fairly presented unless the prisoner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).[2]

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. See Stone v. City and County of San Francisco, 968 F.2d 850, 855-56 (9th Cir. 1992) (as amended). The petitioner has the burden of demonstrating he has exhausted available state remedies. See Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

In Rhines v. Weber, the Supreme Court held that, in certain "limited circumstances," a district court may stay a petition and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims. 544 U.S. 269, 277 (2005). A district court may stay a wholly unexhausted petition under Rhines. See Mena v. Long, 813 F.3d 907 (9th Cir. 2016). The prerequisites for obtaining a stay under Rhines while the petitioner exhausts his state remedies are: (1) that the petitioner show good cause for his failure to exhaust his claims first in state court; (2) that the unexhausted claims not be "plainly meritless"; and (3) that petitioner not have engaged in "abusive litigation tactics or intentional delay." Rhines, 544 U.S. at 277-78. The Supreme Court has not precisely defined what constitutes "good cause" for a Rhines stay. See Blake v. Baker, 745 F.3d 977, 980-81 (9th Cir. 2014). The Ninth Circuit has found that "good cause" does not require "extraordinary circumstances." Dixon v. Baker, 847 F.3d 714, 720 (9th

---

[2] As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Cir. 2017). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify" the failure to exhaust. Blake, 745 F.3d at 982.

Here, Petitioner has not demonstrated that he has exhausted state-court remedies. On the contrary, it appears that the Petition is wholly unexhausted. Despite this, Petitioner has not filed a request for stay-and-abeyance under Rhines.

**IT THEREFORE IS ORDERED that within twenty-eight (28) days of the date of this Order, Petitioner shall do one of the following: (1) file additional documents to demonstrate that he has exhausted all claims contained in the Petition; (2) request that the Petition be dismissed without prejudice under Federal Rule of Civil Procedure 41(a)(1), with the understanding that any later petition may be time barred under 28 U.S.C. § 2244(d)(1); or (3) file a formal motion for stay-and-abeyance under Rhines.**